NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLAN S. YANEZ BARRIO, | No. 16-73368 |
| Petitioner, | Agency No. A094-300-310 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2019**

Before: TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Allan S. Yanez Barrio, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for

cancellation of removal and special rule cancellation of removal for battered

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

spouses. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

We lack jurisdiction to review the agency's denial of cancellation of removal in the exercise of discretion. *Vilchez v. Holder*, 682 F.3d 1195, 1200-01 (9th Cir. 2012) (the court lacks jurisdiction to review the denial of an application for cancellation of removal in the exercise of discretion). Yanez Barrio's contention that the BIA engaged in fact-finding outside the scope of the IJ's findings is not supported by the record and does not amount to a colorable claim. *See* 8 C.F.R. § 1003.1(d)(3)(iv); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("To be colorable in this context . . . the claim must have some possible validity." (citation and internal quotation marks omitted)). In light of this dispositive determination, we do not reach Yanez Barrio's challenge to the agency's denial of cancellation based on lack of exceptional and extremely unusual hardship.

We also do not reach Yanez Barrio's contention concerning the IJ's denial of cancellation of removal for failure to establish good moral character because the BIA did not rely on that ground. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004).

Our jurisdiction to review the agency's denial of special rule cancellation of removal for battered spouses as a matter of discretion is limited to constitutional

claims and questions of law, and Yanez Barrio has not shown that the agency erred in its determination. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 978-80 (9th Cir. 2009) (no jurisdiction to review discretionary denial of cancellation of removal, where IJ applied the proper legal standards and petitioner's disagreement was not with the standards applied, but with IJ's application thereof); *Martinez-Rosas*, 424 F.3d at 930; *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (BIA only required to "announce its decision in terms sufficient to enable" review).

In light of this dispositive determination, the BIA did not err in declining to reach Yanez Barrio's contentions related to extreme hardship, and we do not reach petitioner's remaining contentions regarding statutory eligibility for special rule cancellation of removal. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

Yanez Barrio failed to show that the agency violated 8 C.F.R. § 1240.21(c)(1) (2015) where the IJ reserved her decision at the removal hearing on November 18, 2013, because the annual cap had already been met for that fiscal year, and the IJ waited 18 months to issue her decision. *Id.* ("When grants are no longer available in a fiscal year, further decisions to grant or deny such relief shall be reserved until such time as a grant becomes available under the annual limitation in a subsequent fiscal year.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**